IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:08CR389–HEH |
| | ) | |
| MICHAEL L. MOORE, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

A grand jury charged Moore with possession of marijuana with intent to distribute (Count One); possession of firearm and ammunition by a convicted felon (Count Two); and possession of a firearm in furtherance of a drug trafficking offense (Count Three). (Indictment 1–2, ECF No. 1.) Thereafter, a jury found Moore guilty of all three counts.

At sentencing, the Court determined that Moore qualified as a career offender. (Feb. 20, 2009 Tr. 11–13.) The Court sentenced Moore to 60 months on Count One, 120 months on Count Two, and 180 months on Count Three, all to be served consecutively. (J. 2, ECF No. 38.)

By Memorandum Opinion and Order entered on July 22, 2013, the Court denied a 28 U.S.C. § 2255 motion filed by Moore. (ECF Nos. 71, 72.) On February 8, 2016, the Court received a request from Moore to appoint counsel to assist him in filing another 28 U.S.C. § 2255 to take advantage of the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 80.) On April 19, 2016, the Court received from Moore a successive, unauthorized 28 U.S.C. § 2255 motion. (ECF No. 81.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file Moore's April 19, 2016 § 2255 Motion. The April 19, 2016 § 2255 Motion (ECF No. 81) will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability. Moore's Motion for the Appointment of Counsel (ECF No. 80) will be denied without prejudice. Moore remains free to refile his Motion for the Appointment of Counsel if he obtains authorization from the Fourth Circuit to file another § 2255 motion.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 3, 2016
Richmond, Virginia